# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MATTHEW GRIFFIS,

    Plaintiff,

v.                                                                Case No. 3:18-cv-935-J-32MCR

WAL-MART STORES, EAST, L.P.,

    Defendant.

_____

# **O R D E R**

This personal injury case is before the Court on Plaintiff Matthew Griffis's Motion to Remand, (Doc. 6), to which Defendant Wal-Mart Stores, East, L.P. filed a response, (Doc. 8). There is no dispute that diversity jurisdiction exists in this case. Rather, the parties dispute whether removal is timely.

Griffis alleges that on August 19, 2015, he was shopping at Wal-Mart, where he slipped and fell on a foreign substance. (Doc. 2 ¶¶ 5-6). On September 13, 2017, Griffis, a Florida citizen, (Doc. 1 at 2-3), filed a complaint in the Circuit Court of Eighth Judicial Circuit in and for Bradford County, Florida, (Doc. 2), against Wal-Mart, an Arkansas citizen, (Doc. 1 at 3-4). The complaint alleged that damages were in excess of $15,000. (Doc. 2 ¶ 1).

On August 1, 2018, Wal-Mart removed the case under this Court's diversity jurisdiction. (Doc. 1). In the Notice of Removal, Wal-Mart asserts that the parties are diverse and that the amount in controversy exceeds $75,000. Id. In addition, Wal-Mart

contends that removal is timely, as it was unaware that the amount in controversy exceeded $75,000 until July 31, 2018, when it received billing records from Advanced Ambulatory Surgical Center stating the amount owed by Griffis for treatment related to this case is $118,819.17.[1] (Doc. 1 at 4; Doc. 1-3). In his motion to remand, Griffis concedes that diversity jurisdiction exists, but contests the timeliness of removal. (Doc. 6).

The federal removal statute provides for two points in time at which removal may be appropriate. First, where grounds for federal jurisdiction exist on the face of the complaint, defendants shall remove within 30 days of service. 28 U.S.C. § 1446(b)(1). However,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id. § 1446(b)(3). Removal issues "are construed narrowly . . . [and] uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

---

[1] The date Wal-Mart received the billing records is slightly unclear from its brief. Wal-Mart states that there was supposed to be a records pickup on August 19, 2018, but that date is seemingly incorrect or a typo, as that date is after its brief was filed on August 16, 2018. (Doc. 8 at 6). Presumably, because Wal-Mart states that it filed its Notice of Removal a day after it ascertained the amount in controversy had been met, it received the records on July 31, 2018. Regardless of this discrepancy, the Court can decide the motion to remand on entirely separate grounds, as discussed infra.

Griffis argues that Wal-Mart has known since the litigation began that the amount in controversy exceeded the jurisdictional amount, rendering Wal-Mart's August 1, 2018 Notice of Removal untimely. (Doc. 6). First, on November 13, 2015, Griffis sent a pre-suit demand letter to the liability insurance carrier for Wal-Mart describing his injuries and medical treatment, and demanding $1 million to settle the case. (Doc. 6 at 1; Doc. 8 at 21-22). Second, on November 16, 2017, Griffis provided his response to Wal-Mart's interrogatories and response to Wal-Mart's request for production, which contained medical bills listed at $206,580.65, with a remaining balance of $201,311.90. (Doc. 6 at 2). Third, Griffis served a Proposal for Settlement (the "Proposal") on Wal-Mart on April 19, 2018, demanding $650,000 to settle the case.[2] (Doc. 6 at 3). Therefore, Griffis argues that even giving Wal-Mart the benefit of the doubt as to all previous papers putting it on notice that the amount in controversy for diversity jurisdiction was satisfied, Wal-Mart should have removed the case by May 19, 2018 based on the Proposal.[3] (Doc. 6 at 3). Finally, Griffis points out that this case was set for trial in state court in October 2018, and argues that Wal-Mart has merely removed the case now as a delay tactic. (Doc. 6 at 3-4).

Although Wal-Mart contends that it could only "first ascertain" that the amount in controversy was met on July 31, 2018, the Court disagrees. Wal-Mart received

---

[2] Neither party attached the Proposal. However, Griffis states the demand was in excess of $75,000, (Doc. 6 at 3), and Wal-Mart states that the demand was for $650,000, (Doc. 8 at 4). Thus, regardless of the exact number, the parties agree it was in excess of the jurisdictional amount.

[3] May 19, 2018 was a Saturday, so technically Wal-Mart would not have had to remove the case until Monday, May 21, 2018.

3

Griffis's Proposal on April 19, 2018, which it could have relied on as evidence of the amount in controversy in its removal papers. A defendant's receipt of a plaintiff's proposal for settlement constitutes legally sufficient notice for purposes of 28 U.S.C. § 1446(b). See, e.g., Martin v. Mentor Corp., 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("facsimile receipt of Plaintiffs' Proposal [for Settlement] on December 11, 2000, constituted legally sufficient notice for purposes of 28 U.S.C. § 1446(b) and . . . Defendant . . . waived its right to removal"). Therefore, under Martin, Griffis's motion to remand is due to be granted on these grounds alone. However, other evidence supports Griffis's motion.

While Wal-Mart argues that it construed Griffis's April 19, 2018 Proposal as a "negotiating tactic designed to maximize the eventual payout," (Doc. 8 at 4-5), its position is undermined by other evidence it had in its possession before Griffis served his Proposal. On November 16, 2017, Griffis served Answers to Interrogatories on Wal-Mart containing medical bills listed at $206,580.65.[4] That list included a bill from Advanced Ambulatory Surgery Center for $118,766.42, which Wal-Mart deems "suspicious."[5] (Doc. 8 at 5). Even if Wal-Mart had subtracted the amount billed by

---

[4] Wal-Mart does not explicitly contest that the number Griffis provided ($206,580.65) is accurate. However, seemingly in an attempt to cast doubt on the accuracy of the number, Wal-Mart unpersuasively states that the Answers to Interrogatories contained "a chart that stated the medical billing to date," which "did not contain a total," "did not contain a list of collateral sources," and only included "one small lien." (Doc. 8 at 5).

[5] Wal-Mart asserts that Advanced Ambulatory Surgery Center has been implicated in other litigation for inflated medical billing and for billing for a surgery that did not actually occur. (Doc. 8 at 6). Therefore, Wal-Mart construed the bill as "suspicious" and requiring verification before it could be provided as evidence of the amount in controversy. Because it does not need to, the Court declines to evaluate

4

Advanced Ambulatory Surgery Center that it considered "suspicious," Griffis's total medical bills still would have exceeded the jurisdictional requirement. In addition, as far back as November 13, 2015, Griffis sent a pre-suit demand letter Wal-Mart's insurance carrier describing his injuries and medical treatment, and demanding $1 million to settle the case. (Doc. 8 at 21-22). While Wal-Mart also argues that it also construed this pre-suit demand as a "negotiating tactic," courts routinely find pre-suit demand letters and settlement offers made in the course of litigation to be evidence of the amount in controversy in considering whether removal is proper. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 n.62 (11th Cir. 2007) (a case may be removed based on "other paper," which includes settlement offers); Burns, 31 F.3d at 1097 ("While this settlement offer, by itself, may not be determinative, it counts for something."); Hallenbeck v. Target Corp., No. 3:18-CV-891-J-32JBT, 2018 WL 4279245, at *2 (M.D. Fla. Sept. 7, 2018) (considering pre-suit demand letters as evidence of the amount in controversy and denying motion to remand).

Given the evidence of the amount in controversy in Wal-Mart's possession throughout the course of this litigation, the Court finds that at the latest, the Notice of Removal should have been filed on May 21, 2018. 28 U.S.C. § 1446(b)(3). Therefore, the August 1, 2018 Notice of Removal is untimely, and remand is appropriate.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Matthew Griffis's Motion to Remand, (Doc. 6), is **GRANTED**.

---

Wal-Mart's suspicions.

5

2. The case is **REMANDED** to the Circuit Court of Eighth Judicial Circuit in and for Bradford County, Florida.

3. After remand has been effectuated, the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 18th day of September, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record